UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:16-cr-275-T-33JSS

DEVIN AHESIA-JAY PEMBERTON

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Devin Ahesia-Jay Pemberton's pro se Motion for Compassionate Release (Doc. # 103), filed on June 8, 2020. The United States of America responded to the Motion on June 23, 2020. (Doc. # 106). For the reasons that follow, the Motion is denied.

**I.  Background**

Pemberton pled guilty to one count of sex trafficking of a minor. (Doc. # 82). In September 2017, the Court sentenced him to 262 months' imprisonment. (Id.). In his Motion, Pemberton seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the COVID-19 pandemic. (Doc. # 103). The United States responded on June 23, 2020 (Doc. # 106) and the Motion is ripe for review.

**II. <u>Discussion</u>**

Here, the United States argues that the Motion should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. (Doc. # 106). The Court will address each in turn.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Pemberton argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release." <u>United States v. Estrada Elias</u>, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it

does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Pemberton alleges in his Motion that he has exhausted his administrative remedies because he submitted a request to the warden on April 29, 2020, and more than 30 days have now elapsed without response. (Doc. # 103 at 5-6). The Government responds that BOP records do not show that Pemberton filed any such request. (Doc. # 106 at 4). However, the records attached by the Government reflect that, on April 23, 2020, Pemberton submitted a request to prison staff stating that he would "like to sign up or be put on the list according to the CARES Act [for] compassionate release for my chronic health issues[.]" (Id. at 32). And on May 6, 2020, Pemberton submitted a "Reduction in Sentence Application," due to the "extraordinary and compelling circumstances" posed by COVID-19, mentioning the same medical conditions listed in the instant Motion. (Id. at 31). There are no responses from the prison in the attached records.

Assuming, without deciding, that these documents establish that Pemberton has exhausted his administrative remedies, Pemberton must still demonstrate "extraordinary and

3

compelling" circumstances supporting compassionate release under Section 3582(c). This he cannot do.

A court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Examples of qualifying "extraordinary and compelling reasons" include (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. See USSG § 1B1.13 cmt. (n.1). Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. USSG § 1B1.13(2). And the court must consider, in general, whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

Here, Pemberton alleges that he suffers from "hypertension, obesity, prediabetic gastrointestinal problems, exposure to the germ that causes tuberculosis, sciatica, childhood pneumonia, childhood asthma, severe obstructive sleep apnea, . . . [and] respiratory problems" that make him more vulnerable to becoming seriously ill should

4

he contract COVID-19. (Doc. # 103 at 2-3). Pemberton, however, does not allege a terminal illness or that his various ailments substantially diminish his ability to care for himself in prison. Indeed, while Pemberton alleges that he suffers from severe sleep apnea, he admits that he has been issued a CPAP machine to assist him. As such, Pemberton fails to demonstrate this his medical conditions, singly or in combination, constitute an extraordinary and compelling reason warranting relief. See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that movant, as the party seeking relief, bears the burden of establishing entitlement to the requested relief); see also United States v. Heromin, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (denying motion for compassionate release due to a lack of corroborating medical evidence).

And even if extraordinary and compelling reasons existed here, the Court has other concerns. First, according to his plea agreement, Pemberton admitted that he had recruited multiple underage girls to engage in acts of prostitution, wherein Pemberton would find clients online, facilitate the prostitution acts, and collect a share of the proceeds. (Doc. # 42 at 18-24). Given his past criminal acts, the Court is

unconvinced that, if released from prison, Pemberton would not pose a danger to the public. See USSG § 1B1.13(2).

What's more, the Court agrees with the Government that granting Pemberton compassionate release, just three years into a 21-year sentence for a serious conviction for sex trafficking of a minor, would not serve the purposes of Section 3553(a) and would, in fact, fail to rehabilitate Pemberton or deter future violations. See (Doc. # 106 at 10). For these reasons, Pemberton's Motion for Compassionate Release must be denied.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED,** and **DECREED:**

Devin Ahesia-Jay Pemberton's pro se Motion for Compassionate Release (Doc. # 103) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of June, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6