UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:16-cr-275-VMC-JSS

DEVIN AHESIA-JAY PEMBERTON
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Devin Ahesia-Jay Pemberton's second pro se Motion for Compassionate Release (Doc. # 121), filed on January 6, 2021. The United States responded on January 26, 2021 (Doc. # 123) and Pemberton replied on January 28, 2021. (Doc. # 124). For the reasons set forth below, the Motion is denied.

**I. Background**

Pemberton pled guilty to one count of sex trafficking of a minor. (Doc. # 82). In September 2017, the Court sentenced him to 262 months' imprisonment. (Id.). According to the Bureau of Prisons (BOP) website, Pemberton is forty-two years old and his projected release date is April 3, 2035.

Pemberton filed his first motion for compassionate release on June 8, 2020 (Doc. # 103), which the Court denied on the merits because Pemberton "fail[ed] to demonstrate [that] his medical conditions, singly or in combination,

1

constitute[d] an extraordinary and compelling reason warranting relief." (Doc. # 107 at 4-5).

Now, Pemberton has filed a second Motion for Compassionate Release. (Doc. # 121). In the Motion, Pemberton requests the Court recommend to the BOP that he be placed on home confinement because he suffers from several medical conditions. (Id. at 1, 8). According to Pemberton, "being at home would present a lower risk of him contracting COVID-19." (Id.).

The United States has responded (Doc. # 123), Pemberton has replied (Doc. # 124), and the Motion is ripe for review.

II. **Discussion**

As the government points out in its response, Pemberton explicitly states that he is "NOT asking the Court to modify the sentence." (Doc. # 121 at 8) (emphasis in original). Rather, according to Pemberton, he is simply requesting the Court recommend a change in his place of incarceration to the BOP. (Id.).

The Court has no authority to direct the BOP to place Pemberton in home confinement, as such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir.

Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Pemberton's request for home confinement thus falls outside this Court's authority and his Motion is denied as to this relief.

The Court likewise declines to provide a "recommendation" to the BOP that Pemberton be placed on home confinement. (Doc. # 121 at 1). The Court agrees with the government that the section 3553(a) factors weigh against a grant of home confinement. (Doc. # 123 at 6).

First, as the Court noted in the first order denying compassionate release, Pemberton admitted to the crime of recruiting multiple underage girls to engage in acts of

prostitution. (Doc. # 107 at 5). The serious and serial nature of this offense weighs against a grant of home confinement. 18 U.S.C.A. § 3553(a)(1).

Furthermore, as the Court noted in the first order, Pemberton is only a few years into a twenty-one-year sentence. (Doc. # 107 at 6). Ending the term of imprisonment and allowing home confinement so early "would not serve the purposes of Section 3553(a) and would, in fact, fail to rehabilitate Pemberton or deter future violations." (Id.). Accordingly, the Court declines to issue a recommendation of home confinement.

While Pemberton's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Devin Ahesia-Jay Pemberton's second pro se Motion for Compassionate Release (Doc. # 121) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of February, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE