UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 8:16-cr-275-VMC-JSS

DEVIN AHESIA-JAY PEMBERTON

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Devin Ahesia-Jay Pemberton's third pro se Motion for Compassionate Release (Doc. # 142), filed on January 21, 2025. The United States of America responded on February 19, 2025. (Doc. ## 146, 147). For the reasons that follow, the Motion is denied.

I.   **Background**

On September 22, 2017, the Court sentenced Mr. Pemberton to 262 months' imprisonment and a life term of supervised release for sex trafficking of a minor. (Doc. # 82). Mr. Pemberton, now forty-seven years old, has served less than ten years in prison and is projected to be released in 2034. See Bureau of Prisons' Inmate Locator at https://www.bop.gov/inmateloc/ (last visited June 11, 2025).

Mr. Pemberton previously moved twice for compassionate

1

release. (Doc. ## 103, 121). The Court denied his first motion on June 24, 2020, finding no extraordinary and compelling reason based on his medical conditions, including sleep apnea. (Doc. # 107). Then, the Court denied his second motion on February 18, 2021, concluding that the 18 U.S.C. § 3553(a) factors weighed against relief because allowing home confinement only "a few years into a twenty-one-year sentence" would "fail to rehabilitate [Mr.] Pemberton or deter future violations." (Doc. # 125).

In the Motion, Mr. Pemberton seeks compassionate release for the third time. (Doc. # 142). He alleges that an unusually long sentence and his mother's medical condition constitute extraordinary and compelling reasons for relief. (Id. at 2-8). Additionally, he contends that the Section 3553(a) factors, as evidenced by his individualized needs plan and recidivism risk assessment, support compassionate release. (Doc. # 142 at 8-11; Doc. # 142-1 at 6-15).

II. **Discussion**

The United States opposes Mr. Pemberton's motion because he has failed to exhaust his administrative remedies or, alternatively, because he has not demonstrated an extraordinary and compelling reason warranting early release and the Section 3553(a) factors weigh against a sentence

reduction. (Doc. # 146).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually

long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

For purposes of this Motion, the Court gives Mr. Pemberton the benefit of the doubt and assumes that he has exhausted his administrative remedies. Turning to the merits, the Court denies the Motion for the reasons below.

First, Mr. Pemberton requests home confinement to care for his mother, who suffers from dementia and is experiencing homelessness. (Doc. # 142 at 7-9). He relies on "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling reason for release. U.S.S.G. § 1B1.13(b)(3)(C). However, Mr. Pemberton has presented no evidence showing that he is the sole caregiver available for his mother. (Doc. # 142 at 7-8). Accordingly, his family circumstances do not warrant relief. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Next, the United States construes Mr. Pemberton's Motion as raising his sleep apnea as a medical circumstance warranting compassionate release. (Doc. # 146 at 6). Under the Sentencing Guidelines, medical circumstances qualifying

4

as extraordinary and compelling reasons for compassionate release include (1) a terminal illness; (2) a serious medical condition that substantially diminishes the defendant's ability to provide self-care in prison; and (3) a condition requiring long-term or specialized medical care that is not being provided. U.S.S.G. § 1B1.13(b)(1). Previously, the Court found that Mr. Pemberton's sleep apnea did not satisfy these criteria (Doc. # 107 at 5), and there is no evidence that the condition has worsened since. (Doc. # 142). Accordingly, to the extent that Mr. Pemberton again raises his sleep apnea as an extraordinary and compelling reason for release, the Court maintains its previous determination.

Mr. Pemberton further alleges that an erroneous designation as a career offender rendered his sentence unusually long. (Doc. # 142 at 2-7). However, even if Mr. Pemberton were to establish that his sentence is unusually long and that it constitutes an extraordinary and compelling reason for relief, he has not shown that the Section 3553(a) factors favor release or that he would not pose a danger to the community. See United States v. Perez, No. 24-10936, 2024 WL 4534427, at *1 (11th Cir. Oct. 21, 2024) ("A district court may reduce a prisoner's sentence under § 3582(c)(1)(A) only 'after considering the factors set forth in section 3553(a)

5

to the extent that they are applicable,' regardless of whether the prisoner meets the other statutory criteria.").

Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. § 1B1.13(a)(2), and that the Section 3553(a) factors favor early release. See 18 U.S.C. § 3582(c)(1)(A). Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public, reflects the seriousness of the crime, considers the history and characteristics of the defendant, and the nature and circumstances of the offense. 18 U.S.C. § 3553(a).

While the Court commends Mr. Pemberton's efforts at rehabilitation, including his completion of educational programs, they are not enough to tip the balance in favor of release. (Doc. # 142 at 11; Doc. # 142-1 at 6-14). As specified in his plea agreement, Mr. Pemberton admitted to recruiting multiple underage girls for prostitution over the internet, facilitating acts of prostitution, and profiting from those acts. (Doc. # 42 at 18-24). In addition, Mr. Pemberton has at least two felony convictions of controlled substance offenses, specifically two counts of delivery of cocaine. (Doc. # 146 at 9). The Court finds that this criminal history, the nature of the instant offense, and the fact that

6

Mr. Pemberton has served only seven years of his twenty-one-year sentence weigh against relief. Granting his compassionate release now would undermine the goals of protecting public safety, deterring recidivism, and promoting respect for the law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Devin Ahesia-Jay Pemberton's Motion for Compassionate Release (Doc. # 142) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of June, 2025.